PEOPLE v PERRY

Docket No. 54788. Submitted November 9, 1981, at Detroit.—Decided
    February 8, 1982.

    Arthur Perry was convicted of first-degree murder in Recorder's
    Court of Detroit, Michael J. Talbot, J. Defendant appealed.
    *Held:*

        1. The trial court did not err in its jury instructions concern-
    ing the intent element of first-degree murder.

        2. The court did not err in its instructions concerning circum-
    stantial evidence. The prosecutor, in order for a jury to find the
    defendant guilty on the strength of circumstantial evidence,
    need only prove his own theory of the case beyond a reasonable
    doubt. He need not negate every reasonable theory consistent
    with innocence.

        3. The extent of any reinstruction of the jury is within the
    trial court's discretion. The trial court did not abuse its discre-
    tion where it reinstructed the jury on first- and second-degree
    murder.

        4. Defendant was not denied effective assistance of counsel.

        Affirmed.

1. APPEAL — JURY INSTRUCTIONS.

    Instructions to a jury are reviewed as a whole rather than in
    small excerpts.

2. CRIMINAL LAW — CIRCUMSTANTIAL EVIDENCE — BURDEN OF PROOF.

    The prosecutor, in order for a jury to find the defendant guilty on
    the strength of circumstantial evidence, need only prove his

[1] 5 Am Jur 2d, Appeal and Error § 894.
[2] 30 Am Jur 2d, Evidence §§ 1125, 1172.
[3] 75 Am Jur 2d, Trial § 909.
[4] 21A Am Jur 2d, Criminal Law §§ 751, 984 *et seq.*
    Modern status of rule as to test in federal court of effective
    representation by counsel. 26 ALR Fed 218.
    Modern status of rules and standards in state courts as to adequacy
    of defense counsel's representation of criminal client. 2 ALR4th
    27.

own theory of the case beyond a reasonable doubt; he need not negate every reasonable theory consistent with innocence.

3. TRIAL — JURY INSTRUCTIONS — REINSTRUCTION — COURT RULES.
   The extent of any reinstruction of the jury is within the trial court's discretion; any objections to reinstruction should be made in a motion for a new trial (GCR 1963, 516.4).

4. CRIMINAL LAW — EFFECTIVE ASSISTANCE OF COUNSEL — APPEAL.
   A convicted person who attacks the adequacy of the representation he received at his trial must prove his claim and, to the extent his claim depends on facts not of record, it is incumbent on him to make a testimonial record at the trial court level in connection with a motion for a new trial which evidentially supports his claim and which excludes hypotheses consistent with the view that his trial lawyer represented him adequately.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Janice M. Joyce,* Assistant Prosecuting Attorney, for the people.

*Robert E. Slameka,* for defendant on appeal.

Before: R. M. MAHER, P.J., and D. F. WALSH and D. C. RILEY, JJ.

PER CURIAM. Defendant was convicted by a jury of first-degree murder, MCL 750.316; MSA 28.548, and was sentenced to life imprisonment.

The offense occurred in July, 1980, at a Detroit residence where defendant and the victim, Betty Goodlow, lived together. The victim's death was caused by extensive burns which resulted when a flammable liquid was splashed on her body and ignited.

Two emergency medical technicians arrived at the residence at approximately 10 p.m. on the night of the incident. Defendant admitted them into the house, which was smoke-filled and smelled

of gasoline or paint thinner. The technicians found Goodlow lying on the kitchen floor with severe burns over most of her body. The victim was conscious, however. While being transported to the hospital, Goodlow told one of the medical technicians that defendant had doused her with turpentine and ignited her with a cigarette lighter. Goodlow died at the hospital a short time later.

At the residence, defendant told the medical technicians that he did not know what happened. Defendant also stated "I told her I was going to leave her, and this is what she did."

Two police officers also arrived at the residence. Defendant told an officer that Goodlow had $50 that belonged to him and that he wanted to get the money back. The officers observed a can of paint thinner on the stairway, a can of gasoline near the door and a cigarette lighter in the dining room near the kitchen entrance.

Several of defendant's neighbors testified that defendant and the victim had been fighting, both verbally and physically, during the evening hours of July 9, 1980. One neighbor testified that approximately 15 minutes before an ambulance arrived, he heard loud arguing and things being thrown around inside the residence. At one point, the victim was observed running to the front sidewalk of the house. Defendant caught her and dragged her back into the house.

Defendant testified that on the afternoon on July 9, 1980, he and Goodlow had an argument about money that was owed him. After he told Goodlow to remove her belongings from the house and to leave the premises, defendant went to sleep. When he awoke several hours later, he heard Goodlow in the kitchen and he again told her to get ready to leave. A short while later, defendant

heard her yell and then found her on fire in the kitchen. Defendant extinguished the blaze and called the emergency medical service. It was defendant's contention that the victim set herself on fire in order to show her love for him and to prevent him from forcing her to leave.

Defendant initially argues that the trial court erred in its jury instructions with regard to the intent element of first-degree murder. Defendant claims that the court failed to instruct the jury adequately that first-degree murder requires an intent to kill. We find no error.

When reviewing jury instructions, they must be read as a whole. *People v Ritsema,* 105 Mich App 602, 609; 307 NW2d 380 (1981).

In the instant case, the court commenced its instructions concerning the elements of first- and second-degree murder as follows:

"There are two kinds of murder, first degree and second degree, and you will be instructed on both, as to both. First-degree and second-degree murder are the same crime, except that first-degree murder has the additional elements of premeditation and deliberation; that is, the *defendant must have premeditated and deliberated his intent to kill.* You will first be instructed on murder of the second degree. Keep in mind that all of the elements of second-degree murder are necessary to prove first-degree murder." (Emphasis supplied.)

The court went on to state:

"For murder of the first degree, the prosecutor must prove beyond a reasonable doubt the four elements of second-degree murder which I have described to you, and in addition, he must prove beyond a reasonable doubt the fifth element, which raises the crime to first-degree murder.

"Fifth, that the defendant, that the death rather, was the *wilful result of a premeditated, deliberate intent to kill."* (Emphasis supplied.)

The court then defined wilful as intentional. Further, the court stated "[f]or first-degree murder, there must be such a lapse of time that would give the mind time to think about the *purpose and intent of the killing".* (Emphasis supplied.) The court also instructed that if the evidence did not establish that defendant "intended to kill", then the jurors must consider whether defendant acted with an unreasonable disregard for human life, the alternative malice requirement necessary for second-degree murder.

After reviewing all of the instructions, we are convinced that the court adequately explained to the jury the "intent to kill" element of first-degree murder. See *People v Johnson,* 93 Mich App 667; 287 NW2d 311 (1979). When read as a whole, the unobjected-to jury instructions (in substantial compliance with CJI 16:2:01) were not erroneous.

Defendant next argues that the trial court erred in failing to instruct the jury that in order to find him guilty on the strength of circumstantial evidence, the prosecution must negate every reasonable theory consistent with defendant's innocence. We reject this argument. The prosecutor need only prove his own theory beyond a reasonable doubt notwithstanding the evidence offered by defendant. *People v Edgar,* 75 Mich App 467; 255 NW2d 648 (1977). Accord, *People v McWilson,* 104 Mich App 550; 305 NW2d 536 (1981), *People v Barnard,* 93 Mich App 590; 286 NW2d 870 (1979), and *People v Walker,* 93 Mich App 189; 285 NW2d 812 (1979).

Defendant further contends that his conviction should be reversed because the testimony of a police officer amounted to an improper comment

on defendant's exercise of his right to remain silent. We do not agree.

During the direct examination of Officer Gary Bessinger, the following colloquy occurred:

"*Q.* Did you at that point arrest Mr. Perry?
"*A.* Yes, I did and advised him of his constitutional rights.
"*Q.* Okay. Did you take Mr. Perry somewhere then?
"*A.* Yes. We conveyed him to homicide, first precinct."

We find no reversible error. The officer never stated that defendant refused to speak to him. The officer merely mentioned that defendant was given *Miranda*[1] warnings after the arrest. Contrary to the cases cited by defendant, the prosecutor here did not elicit this testimony and it was never mentioned in closing argument. The unobjected-to admission of this statement by the officer does not require reversal. If any error occurred, it was harmless beyond a reasonable doubt. *People v Featherstone,* 93 Mich App 541, 546-547; 286 NW2d 907 (1979).

Defendant also claims that the trial court erred in failing to define the element of specific intent when it reinstructed the jury on first- and second-degree murder. The extent of additional instructions to the jury is within the discretion of the trial court. Any objections to reinstruction shall be made in a motion for a new trial. GCR 1963, 516.4.

In the present case, defendant failed to raise this issue in his motion for a new trial, as required by the court rule. Upon reviewing the instructions that were given to the jury, we cannot say that the trial court abused its discretion with regard to the

---

[1] *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

supplemental instructions. The court adequately informed the jurors about specific intent when it initially instructed them. When reinstructing the jury, the court reiterated the intent element of the crimes charged. Further, the jury did not request that the instructions with regard to specific intent be given again. Under such circumstances, we find no abuse of discretion by the trial court in refusing to reinstruct the jury on specific intent.

Finally, defendant argues that he was denied the effective assistance of counsel. There is nothing in the record to support defendant's contention. *People v Ginther,* 390 Mich 436; 212 NW2d 922 (1973). Defense counsel's failure to object to certain hearsay remarks by the victim does not amount to ineffective assistance since the testimony was admissible as a dying declaration. MRE 804(b)(2). Defendant's two remaining instances of ineffective assistance of counsel are not supported by any specific facts, either at the trial level or on appeal.

Defendant's conviction is affirmed.

R. M. MAHER, P.J., concurs in the result only.