PEOPLE v THOMAS

Docket No. 54103. Submitted February 9, 1983, at Lansing.—Decided
June 22, 1983. Leave to appeal applied for.

Juanita Thomas was convicted of first-degree murder in Ingham

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 30 Am Jur 2d, Evidence § 1170 *et seq.*

[2] 40 Am Jur 2d, Homicide §§ 52, 439, 454.

Modern status of the rules requiring malice "aforethought," "delib-
eration," or "premeditation" as elements of murder in the first
degree. 18 ALR4th 961.

[3] 47 Am Jur 2d, Jury §§ 198, 199.

Right of counsel in criminal case personally to conduct the voir dire
examination of prospective jurors. 73 ALR2d 1187.

[4] 47 Am Jur 2d, Jury § 213 *et seq.*

[5] 29 Am Jur 2d, Evidence § 787.

[6] 29 Am Jur 2d, Evidence §§ 582, 587.

Admissibility of pretrial confession in criminal case—Supreme
Court cases. 1 L Ed 2d 1735; 4 L Ed 2d 1833; 12 L Ed 2d 1340; 16
L Ed 2d 1294; 22 L Ed 2d 872.

Constitutional aspects of procedure for determining voluntariness of
pretrial confession. 1 ALR3d 1251.

[7] 29 Am Jur 2d, Evidence § 339 *et seq.*

[8] 29 Am Jur 2d, Evidence §§ 251-253, 321, 330.

[9] 40 Am Jur 2d, Homicide § 517.

75 Am Jur 2d, Trial §§ 743, 744.

Effect of voluntary drug intoxication upon criminal responsibility.
73 ALR3d 98.

[10] 75 Am Jur 2d, Trial §§ 260, 261.

Propriety and prejudicial effect of prosecutor's argument to jury
indicating his belief or knowledge as to guilt of accused—federal
cases. 41 ALR Fed 10.

Propriety and prejudicial effect of prosecutor's argument to jury
indicating his belief or knowledge as to guilt of accused—modern
cases. 88 ALR3d 449.

[11] 5 Am Jur 2d, Appeal and Error § 778.

21A Am Jur 2d, Criminal Law § 984 *et seq.*

[12] 5 Am Jur 2d, Appeal and Error § 546.

Modern status of rules and standards in state courts as to adequacy
of defense counsel's representation of criminal client. 2 ALR4th
27.

Circuit Court, Robert Holmes Bell, J. Defendant appealed, alleging numerous errors. *Held:*

1. The examining magistrate did not abuse his discretion in binding defendant over on an open charge of murder.

2. In deciding whether there is sufficient evidence to support a conviction, a court must consider the evidence which had been presented by the prosecution, view that evidence in the light most favorable to the prosecution, and determine whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. Factors to be considered in making a determination of whether or not a defendant in a homicide case acted with premeditation and deliberation include: 1) the previous relationship of the parties; 2) the defendant's actions prior to the actual killing; 3) the circumstances of the killing itself; and 4) the defendant's conduct after the homicide. There was sufficient evidence of premeditation and deliberation to support defendant's conviction.

3. The trial court did not err in conducting the voir dire examination of prospective jurors itself. Also, the questions posed were sufficient to provide the parties with information on the relevant issues so that they could raise challenges for cause and exercise peremptory challenges in a rational manner. Further, the trial court did not err in refusing to excuse for cause several prospective jurors who had indicated some familiarity with the case. All of those prospective jurors had indicated that they were not predisposed in their judgment and that they would be able to render a fair and impartial verdict.

4. The trial court did not err in the admission of photographs of the victim. The admission of photographic evidence is largely a matter addressed to the discretion of the trial court. Review of the trial court's exercise of discretion is directed to ascertaining whether the admission of the photographs was substantially necessary or instructive to show material facts or conditions rather than merely calculated to excite passion or prejudice. Photographs which are pertinent, relevant, competent, or material on any issue in the case should not be rendered inadmissible merely because they show the details of a gruesome or shocking crime.

5. The trial court did not err in finding defendant's statement to the police following her arrest to be voluntary and admissible.

6. Character evidence generally is not admissible to prove that a person acted in conformity therewith on a particular occasion except that an accused may present evidence of a

pertinent trait of his character and the prosecutor may present evidence to rebut the same. The trial court did not abuse its discretion in ruling that defendant must present evidence of the victim's violent character and the defendant's nonviolent character during her own case rather than on cross-examination of prosecution witnesses.

7. A mistrial was not warranted because of an interview defendant had with a television reporter which was broadcast on the evening news during the course of the trial.

8. The trial court did not err in excluding evidence of acts of violence by the victim toward the defendant which occurred more than ten years previously.

9. A trial court in a homicide trial is not required to give *sua sponte* instructions on voluntary intoxication where there is some evidence of intoxication but where the defense is self-defense and the issue of intoxication is not central to the defendant's defense. The trial court's instructions were proper.

10. The prosecutor's closing argument was not improper.

11. The test employed where a defendant alleges on appeal a specific mistake by counsel resulting in a denial of effective assistance of counsel is whether in a trial free of mistake the defendant would have had a reasonably likely chance of acquittal. The defendant was not denied the effective assistance of counsel.

Affirmed.

1. CRIMINAL LAW — SUFFICIENCY OF EVIDENCE.

In deciding whether there is sufficient evidence to support a conviction, a court must consider the evidence which had been presented by the prosecution, view that evidence in the light most favorable to the prosecution, and determine whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt.

2. HOMICIDE — MURDER — PREMEDITATION — DELIBERATION.

Factors to be considered in making a determination of whether or not a defendant in a homicide case acted with premeditation and deliberation include: 1) the previous relationship of the parties; 2) the defendant's actions prior to the actual killing; 3) the circumstances of the killing itself; and 4) the defendant's conduct after the homicide.

3. TRIAL — VOIR DIRE — COURT RULES.

The court may conduct the voir dire examination of prospective jurors or may allow the attorneys to do it (GCR 1963, 511.3).

4. CRIMINAL LAW — VOIR DIRE — DISMISSAL OF JURORS.

A trial court may excuse for cause jurors who have formed an opinion with respect to the circumstances of a criminal prosecution or the guilt or innocence of the accused; however, where a juror declares under oath that he can render an impartial verdict according to the evidence and the trial court is satisfied that the juror does not entertain an opinion which would influence his verdict, any prior knowledge of the facts of the case which the juror may have is an insufficient ground for challenge.

5. CRIMINAL LAW — EVIDENCE — PHOTOGRAPHS.

The admission of photographic evidence is largely a matter addressed to the discretion of the trial court; review of the trial court's exercise of discretion is directed to ascertaining whether the admission of the photographs was substantially necessary or instructive to show material facts or conditions rather than merely calculated to excite passion or prejudice; photographs which are pertinent, relevant, competent, or material on any issue in the case should not be rendered inadmissible merely because they show the details of a gruesome or shocking crime; assuming the materiality of photographs, a trial court should still weigh the potential prejudicial effect against probative value.

6. WITNESSES — CRIMINAL LAW — CONFESSIONS — *WALKER* HEARINGS.

A *Walker* hearing is designed to determine the voluntariness of a defendant's confession from the totality of the circumstances surrounding such confession; the fact that a defendant's confession was taken while he was under the influence of drugs or alcohol is not dispositive; rather, the voluntariness of a defendant's confession is a question of fact which is decided by viewing the totality of the circumstances surrounding the confession.

7. CRIMINAL LAW — EVIDENCE — CHARACTER EVIDENCE.

Character evidence generally is not admissible to prove that a person acted in conformity therewith on a particular occasion except that an accused may present evidence of a pertinent trait of his character and the prosecutor may present evidence to rebut the same; if a defendant does not first put his character in issue, the prosecution may not offer proof of his bad character (MRE 404[a]).

8. HOMICIDE — EVIDENCE — SELF-DEFENSE — PRIOR ACTS OF VIOLENCE.

A trial court in a homicide trial where the defense is self-defense

does not err in concluding that acts of violence by the victim directed at the defendant and occurring more than ten years prior to the charged offense are too remote to be relevant.

9. HOMICIDE — VOLUNTARY INTOXICATION — JURY INSTRUCTIONS — DEFENSES.

A trial court in a homicide trial is not required to give *sua sponte* instructions on voluntary intoxication where there is some evidence of intoxication but where the defense is self-defense and the issue of intoxication is not central to the defendant's defense.

10. CRIMINAL LAW — PROSECUTORIAL COMMENT.

A prosecutor has the right to comment upon the testimony in a case, to argue upon the facts and evidence that a witness is not worthy of belief and to contend that a defendant is lying.

11. APPEAL — CRIMINAL LAW — ASSISTANCE OF COUNSEL.

The test employed where a defendant alleges on appeal a specific mistake by counsel resulting in a denial of effective assistance of counsel is whether in a trial free of mistake the defendant would have had a reasonably likely chance of acquittal.

12. APPEAL — TRIAL STRATEGY — CRIMINAL LAW.

The Court of Appeals generally will not substitute its judgment for that of trial counsel in matters of trial strategy.

13. CRIMINAL LAW — ASSISTANCE OF COUNSEL — TRIAL STRATEGY.

A decision to introduce evidence concerning prior bad acts of a defendant can be a legitimate trial tactic.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Peter D. Houk,* Prosecuting Attorney, and *Janis L. Blough,* Chief Appellate Attorney, for the people.

*Lick, Emery & DeVine* (by *Lawrence J. Emery),* for defendant on appeal.

Before: DANHOF, C.J., and V. J. BRENNAN and N. A. BAGULEY,* JJ.

PER CURIAM. Defendant was convicted of first-degree murder, MCL 750.316; MSA 28.548, follow-

* Circuit judge, sitting on the Court of Appeals by assignment.

ing a jury trial. She was sentenced to serve a term of life in prison. Defendant appeals her conviction as of right.

Defendant's conviction arose from the stabbing death of Willie Hammond, defendant's live-in boy friend. The events occurred during the early morning hours of July 29, 1979. The record indicates that at approximately 5 a.m. on that date several of defendant's neighbors awoke to the sound of defendant's screams. Defendant was observed in a very excited state outside the entrance to her apartment in Lansing. She was seen holding a knife which contained blood. There was also blood on her arms. Defendant repeatedly stated that she "did not mean to do it" and that "he shouldn't have been messin' " with her children. The police arrived a short time later and found Hammond's body in a bedroom of defendant's apartment.

I

Defendant claims that insufficient evidence of premeditation and deliberation was presented to permit the defendant to be bound over on a charge of first-degree murder.

Defendant did not challenge the magistrate's decision in the trial court. Her failure to object, prior to or during trial, constitutes a waiver of the right to raise this issue. See *People v O'Brien,* 113 Mich App 183, 201-202; 317 NW2d 570 (1982), and cases cited therein. In any event, we have reviewed defendant's claim and find it to be without merit. The issues concerning the defense presented by defendant, although a proper consideration at the preliminary examination, essentially involved an issue of credibility. Competent evidence was established to support a finding of premeditation and deliberation. We find no abuse of discretion in

the magistrate's decision. *People v King,* 412 Mich 145, 153-154; 312 NW2d 629 (1981).

## II

Defendant next complains that insufficient evidence was presented at trial to support a finding of premeditation and deliberation and that her conviction for first-degree murder should be set aside.

In determining whether sufficient evidence exists to support a conviction, this Court must view the evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. *People v Hampton,* 407 Mich 354; 285 NW2d 284 (1979).

The factors to be considered in determining whether sufficient evidence exists to support a finding of premeditation and deliberation are: (1) the previous relationship of the parties; (2) the defendant's actions prior to the killing; (3) the circumstances of the killing itself; and (4) the defendant's conduct after the homicide. *People v Brown,* 119 Mich App 656, 661; 326 NW2d 834 (1982).

In the present case, the relationship between defendant and Hammond had often been stormy and marred by violence. Hammond was known by defendant to have been involved with other women. On the days prior to the killing, defendant complained to numerous witnesses that Hammond was seeing another woman and defendant told the witnesses that she was going to kill Hammond. She also showed several witnesses the knife which was used to kill Hammond and told them that it was the weapon she intended to use to kill him.

Although defendant testified that she killed Hammond in self-defense, that claim was refuted by the testimony of the victim's mother who testified that she spoke with defendant on the telephone just prior to the killing and that defendant told her that Hammond was asleep. Physical evidence found at the scene also lent support to a finding that the victim was initially stabbed while asleep. We find that sufficient evidence was presented to support defendant's conviction for first-degree murder.

### III

Defendant also complains about the manner in which the jury was impaneled. We initially reject her complaint that the trial judge erred by refusing to permit the parties to personally conduct voir dire and instead conducting voir dire himself. GCR 1963, 511.3; *People v Goode,* 78 Mich App 781, 783; 261 NW2d 47 (1977). We also note that, although defendant objected to the decision of the trial court to personally conduct voir dire, her objections concerning deficiencies in the questions asked by the trial court related solely to the issue of racial prejudice. Therefore, with respect to the other issues defendant raises, she is required to demonstrate how she was prejudiced by the jury which was selected. *People v Wimbley,* 108 Mich App 527, 535; 310 NW2d 449 (1981). Defendant has failed to do so.

In any event, our examination of the voir dire procedure convinces us that the questions posed of the potential jurors by the trial court were adequate to provide the parties with sufficient information on the relevant issues so that they could raise challenges for cause and exercise peremptory

challenges in a rational manner. *People v Harrell,*
398 Mich 384, 388; 247 NW2d 829 (1976).

We also reject defendant's claim that the trial
court erred by refusing to excuse several prospec-
tive jurors for cause who indicated that they had
some familiarity with this case. All of those jurors
indicated that they were not predisposed in their
judgment and that they would be able to render a
fair and impartial verdict. We find no error in the
court's decision. *People v Marsh,* 108 Mich App
659, 667-668; 311 NW2d 130 (1981).

## IV

Defendant also argues that the trial court erred
by admitting into evidence photographs of the
corpse of the victim.

We agree with defendant that they were un-
pleasant pictures. However, that is not the sole
test of admissibility. In *People v Eddington,* 387
Mich 551, 562-563; 198 NW2d 297 (1972), the
Supreme Court stated:

"In a criminal case, the burden is upon the people to
prove every element of the crime charged. These are
not nice pictures but they are not any more gruesome
than some of the testimony by witnesses. The pictures
showed the victims as they were found. The pictures
depict the *corpus delicti.* The admission of such evi-
dence is in the sound discretion of the trial judge.

"It is stated in 29 Am Jur 2d, Evidence, § 787, pp 860-
861:

" 'Photographs that are merely calculated to arouse
the sympathies or prejudices of the jury are properly
excluded, particularly if they are not substantially nec-
essary or instructive to show material facts or condi-
tions. If photographs which disclose the gruesome as-
pects of an accident or a crime are not pertinent,
relevant, competent, or material on any issue in the

case and serve the purpose solely of inflaming the minds of the jurors and prejudicing them against the accused, they should not be admitted in evidence. However, if photographs are otherwise admissible for a proper purpose, they are not rendered inadmissible merely because they bring vividly to the jurors the details of a gruesome or shocking accident or crime, even though they may tend to arouse the passion or prejudice of the jurors. Generally, also, the fact that a photograph is more effective than an oral description, and to that extent calculated to excite passion and prejudice, does not render it inadmissible in evidence."

In the present case, the trial court did not admit all of the photographs that the prosecutor sought to have admitted. The court ruled that some of the photographs were unnecessarily gruesome and that they were cumulative with other photographs which were admitted. Therefore, it exercised its discretion by ruling those photographs inadmissible.

The photographs which were admitted depicted the corpse as it appeared at the scene and demonstrated that the incident had begun on the bed in defendant's apartment and continued to the doorway of the bedroom. There were also autopsy photographs admitted which showed the number of stab wounds and depicted "defensive" wounds to the victim's hands. To some extent, the photographs of the scene supported defendant's claim that she acted in self-defense during the course of a continuing struggle. However, they were also probative to support the prosecutor's theory that the victim was initially stabbed while asleep on the bed and that the location of the blood stains on the bed made defendant's version of the events highly improbable. The autopsy photographs depicted the corpus delicti and were probative concerning the nature of the injuries suffered by the

deceased. The photographs which showed the cuts on the victim's hands were especially probative on the issue of defendant's claim of self-defense.

In our opinion, the trial court did not abuse its discretion in permitting the photographs to be admitted. See *People v Duby,* 120 Mich App 241, 256-257; 327 NW2d 455 (1982); *People v Fuzi #2,* 116 Mich App 277, 281-282; 323 NW2d 358 (1982). Since the defendant's defense was one of self-defense, this case is not akin to the situation presented in *People v Falkner,* 389 Mich 682, 685-686; 209 NW2d 193 (1973), where defendant's defense was one of alibi and the circumstances concerning the nature of the killing were not at issue. See also *People v Jerry Smith,* 122 Mich App 106; 332 NW2d 432 (1982); *People v Wallach,* 110 Mich App 37, 67; 312 NW2d 387 (1981). We do not believe that the pictures were so inflammatory as to require their exclusion.

## V

Defendant contends that the trial court erred in finding that a statement defendant gave to the police following her arrest was voluntarily made. Although there was evidence presented to establish that defendant may have consumed alcohol prior to the time of her arrest, the statement was taken almost five hours later. In any event, the fact that defendant may have been under the influence of alcohol or drugs is not dispositive. *People v Prast (On Rehearing),* 114 Mich App 469, 483; 319 NW2d 627 (1982). The trial court's findings on this issue are not clearly erroneous. *Prast, supra,* p 484.

There is no merit to defendant's claim that the trial judge informed the jury of its determination concerning voluntariness or that defendant was

not given a sufficient opportunity to introduce evidence at the hearing on this issue.

## VI

Defendant next argues that the trial court erred by refusing to permit defendant to question a witness to establish that defendant had a nonviolent character and to introduce evidence to establish that the victim had a propensity for violent conduct. We disagree.

The trial court did not rule that defendant was precluded from introducing evidence on these issues. The court merely ruled that she was required to present such evidence during her case rather than by cross-examination of witnesses who testified during the prosecutor's case in chief. We find no abuse of discretion in the trial court's ruling. See MRE 611. This is especially so in view of the fact that the prosecutor was precluded from introducing evidence on these issues until they were injected by defendant. MRE 404(a); *People v Golden,* 121 Mich App 490, 496-497; 328 NW2d 667 (1982).

## VII

During the course of the trial, defendant was interviewed by a television reporter and a tape of that interview was broadcast on the evening news. Defendant claims that the trial court should have *sua sponte* ordered a mistrial. Were we to agree with defendant's claim, we would be required to presume that the jurors violated the trial court's order to refrain from watching television news reports during the course of the trial. This we decline to do. In any event, we note that the statements defendant made to the reporter were

entirely consistent with the version of events to which she testified at trial.

## VIII

We also reject defendant's claim that the trial court erred by refusing to admit evidence of violent acts directed at defendant by the victim which had occurred more than ten years prior to the killing. The trial court permitted defendant to introduce evidence of numerous instances of violence which took place inside the ten-year period. We find no abuse of discretion in the trial court's conclusion that evidence of instances which were more than ten years old were too remote to be relevant concerning the issues presented for the jury's consideration. See, *e.g., People v Penn,* 71 Mich App 517, 520; 248 NW2d 602 (1976).

## IX

Defendant next claims that the trial court erred in its instructions to the jury. She claims that the court in its instruction concerning intent to kill neglected to inform the jury that defendant must have acted with premeditation and deliberation.

Defendant is correct in her claim that first-degree murder is a specific intent crime. *People v Garcia,* 398 Mich 250; 247 NW2d 547 (1976). However, the elements of premeditation and deliberation are separate elements. While the element of malice for second-degree murder may be satisfied by a showing that defendant intended to kill the victim, *People v Langworthy,* 416 Mich 630; 331 NW2d 171 (1982), the separate and distinct elements of premeditation and deliberation distinguish first-degree murder from second-degree murder. *People v Hoffmeister,* 394 Mich 155, 158; 229

NW2d 305 (1975). Since the trial court correctly instructed the jury on these separate elements, we reject defendant's claim.

We also reject defendant's claim that the trial court should have *sua sponte* instructed on a defense of voluntary intoxication. Although evidence was presented that defendant had consumed alcohol prior to the killing, she did not claim that she lacked the capacity to form the requisite intent. On the contrary, her defense was premised on her claim that her actions were in response to Hammond's attack and that the killing was justified. Since the issue of intoxication was not central to defendant's defense, the trial court was not required to instruct on that issue *sua sponte*. Compare *People v Newman,* 107 Mich App 535; 309 NW2d 657 (1981).

The trial court properly instructed the jury concerning the possible verdicts they could return. We reject defendant's claim to the contrary.

The trial court's response to questions posed by the jury concerning second-degree murder and voluntary manslaughter which did not include reinstruction concerning the defense of self-defense was not erroneous. GCR 1963, 516.4; *People v Perry,* 114 Mich App 462, 467-468; 319 NW2d 559 (1982).

## X

Defendant next complains that the prosecutor improperly vouched for the credibility of his own witnesses by stating during closing argument that defendant was lying. We disagree. The prosecutor has the right to comment upon the testimony in a case, to argue upon the facts and evidence that a witness is not worthy of belief and to contend that

a defendant is lying. *People v Jansson,* 116 Mich App 674, 693; 323 NW2d 508 (1982).

## XI

Defendant finally claims that she was denied the effective assistance of trial counsel. She claims that her trial attorney committed a series of serious mistakes during trial without which she would have had a reasonably likely chance of acquittal. *People v Degraffenreid,* 19 Mich App 702; 173 NW2d 317 (1969).

Defendant first contends that her trial counsel seriously erred by neglecting to recall three prosecution witnesses to testify during her case concerning the victim's propensity for committing violent acts directed at her. We cannot agree. Defense counsel presented numerous witnesses who testified concerning this issue. We do not believe that defendant had a reasonably likely chance of acquittal if three more witnesses had been presented on this issue.

Defendant next claims that her trial counsel's failure to object to the bind-over from district court and his failure to move for a directed verdict at the close of the prosecutor's case were serious errors. As discussed earlier, there is no merit to defendant's claim that insufficient evidence was presented at either the preliminary examination or at trial. Therefore, there is no merit to this claim. *People v Viaene,* 119 Mich App 690, 694; 326 NW2d 607 (1982).

Similarly without merit is defendant's claim that defense counsel's failure to request an instruction on the defense of voluntary intoxication requires reversal. The defense of intoxication would have been inconsistent with the defense of

self-defense. Decisions concerning the choice of defenses involve matters of trial strategy with which we will not interfere. *People v Nickson,* 120 Mich App 681, 687; 327 NW2d 333 (1982).

The decision to introduce evidence concerning prior bad acts of defendant also can be said to have been a legitimate trial tactic. *People v Swindlehurst,* 120 Mich App 606, 611; 328 NW2d 92 (1982). Although defense counsel's reason for choosing to introduce this evidence is not entirely clear, we decline to second-guess that strategy. In any event, we are not convinced that in the absence of this evidence an undecided juror might have voted to acquit.

The remaining claims of mistake relate to issues discussed earlier in this opinion which we have found to be without merit. Therefore, we reject defendant's claim that she was denied a fair trial because of the ineffective performance of her trial counsel.

Defendant's conviction is affirmed.