PEOPLE v COONS

Docket No. 87312. Submitted October 20, 1986, at Lansing. Decided February 24, 1987. Leave to appeal denied, 428 Mich —.

Wayne Coons was convicted of assault with intent to do great bodily harm less than murder and possession of a firearm in the commission of a felony following a bench trial in Oakland Circuit Court, Hilda R. Gage, J. Defendant appealed.

The Court of Appeals *held:*

1. Defendant's argument that he was denied due process of law when witnesses at the trial committed perjury is rejected. There are no due process issues, and the trial court did not err in resolving the conflicts in the testimony in favor of the prosecution.

2. Sufficient evidence was presented to support the decision of the district court judge to bind defendant over for trial.

3. Defendant's alleged attempt to make a citizen's arrest of the assault victim was ineffective since he did not perform any act consistent with a citizens's arrest. Furthermore, defendant's unlawful use of deadly force defeats his claim of legal justification for the attempted citizen's arrest.

4. Defendant's argument that the district court erred in binding defendant over for trial because it failed to make findings of fact on the issue of a citizen's arrest is rejected on two grounds: (1) defendant failed to provide an adequate record by not supplying the Court of Appeals with a transcript of the district court record and (2) defendant did not move to dismiss in the circuit court on this basis. Such failure constitutes a waiver of the right to raise the issue on appeal.

Affirmed.

REFERENCES

Am Jur 2d, Appeal and Error §§ 545 *et seq.*.

Am Jur 2d, Arrest § 84.

Am Jur 2d, Criminal Law §§ 411 *et seq.*.

Propriety of consideration of credibility of witness in determining probable cause at state preliminary hearing. 84 ALR3d 811.

Right of peace officer to use deadly force in attempting to arrest fleeing felon. 83 ALR3d 174.

See also the annotations in the Index to Annotations under Appeal and Error; Evidence.

1. CRIMINAL LAW — PRELIMINARY EXAMINATIONS — MAGISTRATES.

> An examining magistrate may weigh the credibility of witnesses at the preliminary examination in making the decision whether to bind a defendant over for trial; if it appears that a crime has been committed and there is probable cause to believe the defendant committed it, the magistrate must bind the defendant over for trial.

2. CRIMINAL LAW — PRELIMINARY EXAMINATIONS — MAGISTRATES.

> It is not the function of a magistrate at a preliminary examination to weigh the evidence carefully and discharge the accused when the evidence conflicts or raises a reasonable doubt as to guilt; such questions are for the jury.

3. ARREST — DEADLY FORCE.

> Deadly force may be used to prevent the escape of a suspected felon only where it is necessary to prevent the escape and the officer involved has probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officer or others.

4. APPEAL — PRESERVING QUESTION.

> The failure of a party to raise an issue prior to or during trial constitutes a waiver of the right to raise the issue on appeal.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Paul J. Fischer,* Assistant Prosecuting Attorney, for the people.

*Faintuck, Shwedel & Wolfram* (by *William G. Wolfram*), for defendant on appeal.

Before: SULLIVAN, P.J., and SHEPHERD and R. M. SHUSTER,* JJ.

PER CURIAM. Defendant Wayne "Butch" Coons was charged with assault with intent to commit murder, MCL 750.83; MSA 28.278, and possession of a firearm in the commission of a felony, MCL 750.227(b); MSA 28.424(2). After a bench trial held

---

* Circuit judge, sitting on the Court of Appeals by assignment.

on May 30 and June 3-4, 1985, he was convicted of assault with intent to do great bodily harm less than murder, MCL 750.84; MSA 28.279, and possession of a firearm in the commission of a felony, MCL 750.227(b); MSA 28.424(2). Defendant appeals from his conviction as of right.

Defendant purchased a quantity of marijuana from Stephen Iliades and then failed to pay the full price. When Iliades came to collect the balance owed, events occurred which resulted in defendant's firing several shots from a firearm, many of which damaged Iliades' automobile. According to defendant, Iliades or one of his friends damaged defendant's automobile with a log and defendant fired his gun to scare Iliades away. Iliades' version of the story is that he did not damage any of defendant's property and that defendant started firing when his cousin told him to get a gun and shoot. The trial judge heard the testimony without a jury and resolved the conflicts in the testimony in favor of the prosecution, finding that the testimony of the defendant was not credible.

Defendant first argues that he was denied due process of law when witnesses at the trial committed perjury. Our view of the testimony is that this case was nothing more than a credibility contest which the trial judge resolved in favor of the prosecutor. There are no due process issues and the trial judge did not commit any error in finding for the prosecution.

Defendant also appears to argue that these witnesses lied at the preliminary examination about whether defendant's car was damaged and whether a marijuana transaction was involved. Defendant's position is that, had these witnesses not perjured themselves, the district judge *might* not have bound defendant over on a charge of assault with intent to commit murder. Again, this

appears to be a credibility contest at the preliminary examination stage. An examining magistrate is to bind a defendant over for trial if it appears that a crime has been committed and there is probable cause to believe the defendant committed it. *People v Asta,* 337 Mich 590, 609; 60 NW2d 472 (1953). An examining magistrate may weigh the credibility of witnesses. It is not the function of the magistrate to weigh the evidence carefully and discharge the accused when the evidence conflicts or raises a reasonable doubt as to guilt, however. Such questions are for the jury. *Wayne Co Prosecutor v Recorder's Court Judge,* 92 Mich App 119, 122-123; 284 NW2d 507 (1979). Even assuming for the sake of argument that what defendant claims concerning the alleged perjury is true however, probable cause still existed to bind defendant over for trial on that charge. Our view is that even if the victim had smashed the rear window of defendant's automobile, defendant had no right to shoot at the victim. Such unjustified action falls within the ambit of assault with intent to commit murder. We cannot conclude that knowledge of the perjury, if such it was, would have affected the result of the preliminary examination. Sufficient evidence had been presented for the district court judge to bind defendant over.

Reversal might be required where there is a claim of perjury that appears to be substantial and the truth would necessarily have changed the result of the bindover. We need not decide that issue, however. Defendant only argues in this case that the truth might have changed the result, which is a very different situation. In this case, it is quite apparent that the bindover was justified.

Defendant further argues that the trial court erred in failing to find that the defendant acted lawfully in the course of making a citizen's arrest.

The trial judge found that the defendant did not perform any act consistent with a citizens arrest. The court noted that defendant testified that he did not know whether he was making a citizen's arrest or whether he was allowed to make one. A private person may make an arrest under certain circumstances:

> (a) For a felony committed in his presence;
> (b) When the person to be arrested has committed a felony although not in his presence;
> (c) When summoned by any peace officer to assist said officer in making an arrest. [MCL 764.16; MSA 28.875.]

Under the facts found by the trial court none of the above circumstances was present in this case. In any event, even if defendant attempted to make a citizen's arrest, his unlawful use of deadly force defeats his claim of legal justification. See *People v Whitty,* 96 Mich App 403, 411; 292 NW2d 214, lv den 409 Mich 915 (1980). In a case involving the authority of police officers, *Tennessee v Garner,* 471 US 1, 11-12; 105 S Ct 1694; 85 L Ed 2d 1 (1985), the United States Supreme Court held that the Fourth Amendment prohibits the use of deadly force to prevent the escape of a suspected felon unless it is necessary to prevent the escape and the officer has probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officer or others. The instant defendant knew the victim and where he lived. We will not give defendant permission to use deadly force in a situation where it would be denied to a law enforcement officer having broader powers to effect an arrest.

Finally defendant argues that the district court erred in binding defendant over to circuit court for

trial on the basis that the district court failed to make findings of fact on the issue of a citizen's arrest. We first note that defendant has failed to provide an adequate record by not supplying this Court with a transcript of the district court record. This alone requires us to affirm. *Graham v Ryerson,* 96 Mich App 480, 491-492; 292 NW2d 704, lv den 410 Mich 858 (1980). Furthermore, defendant did not move to dismiss in the circuit court on this basis. His failure to raise this issue prior to or during trial constitutes a waiver of the right to raise the issue on appeal. See *People v Thomas,* 126 Mich App 611, 616; 337 NW2d 598 (1983), lv den 419 Mich 858 (1984), and *People v Eagen,* 136 Mich App 524, 528; 357 NW2d 710 (1984). In any event, as we have indicated above, the defendant's position on the issue of a citizen's arrest is without merit.

Affirmed.