PEOPLE v RIDLEY

Docket No. 78380. Submitted January 10, 1985, at Detroit.—Decided April 16, 1985.

Raymond B. Ridley pled guilty in Macomb Circuit Court to a charge of unarmed robbery pursuant to a plea agreement whereby charges of kidnapping, unlawfully driving away an automobile, and impersonating a police officer were dropped. Defendant was sentenced, Kenneth N. Sanborn, J. He appeals.

*Held:*

1. Defendant's contention that he was convicted in violation of the 180-day rule is rejected. The delays in defendant's trial did not violate the rule since the prosecution took good faith action to ready the case for trial within 180 days and several of the delays were attributable to defendant.

2. Considering the length and reasons for the delays, defendant's waiver of his right to a speedy trial, and lack of prejudice to the defendant, there was no denial of defendant's constitutional right to a speedy trial.

3. The trial court did not abuse its discretion in departing from the sentencing guidelines in sentencing defendant.

Affirmed.

1. CRIMINAL LAW — 180-DAY RULE — TRIAL.

The 180-day rule requires that the prosecution take good faith action within that time to ready a case for trial; delays caused or attributed to a defendant will not support his claim of a violation of the 180-day rule (MCL 780.131; MSA 28.969[1]).

2. CRIMINAL LAW — SENTENCING GUIDELINES.

The use of the Sentencing Guidelines when imposing a sentence for an offense included in the guidelines is mandatory, but imposing a sentence based on the recommended ranges of the sentences is not; a judge may depart from the recommended minimum range for the reasons, and in the manner, prescribed by the guidelines (Administrative Order No 1984-1, 418 Mich lxxx).

REFERENCES FOR POINTS IN HEADNOTES

[1] 21A Am Jur 2d, Criminal Law § 859 *et seq.*

[2] 21A Am Jur 2d, Criminal Law § 595.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Don L. Milbourn,* Chief Appellate Lawyer, and *Robert John Berlin,* Assistant Prosecuting Attorney, for the people.

Raymond B. Ridley, *in propria persona.*

Before: M. J. Kelly, P.J., and Gribbs and M. R. Knoblock,* JJ.

Per Curiam. Defendant was originally charged with kidnapping, MCL 750.349; MSA 28.581, unlawfully driving away an automobile, MCL 750.413; MSA 28.645, impersonating a police officer, 750.215; MSA 28.412, and unarmed robbery, MCL 750.530; MSA 28.798. The first three charges were dismissed pursuant to a plea bargain, and defendant pled guilty to the charge of unarmed robbery. Defendant was sentenced to a term of 8 to 15 years' imprisonment. Defendant appeals from his conviction and sentence as of right. We affirm.

Defendant appeals from his conviction raising the violation of the 180-day rule, MCL 780.131; MSA 28.969(1), and the denial of his right to a speedy trial. Defendant pled guilty on January 25, 1984, over 180 days after incarceration. Defendant contends that he had been incarcerated on another offense since February 4, 1982. However, the record reveals defendant was out on bond on the instant charge as of March 8, 1983, and that he surrendered and was sentenced on the unrelated charge on March 9, 1983. Thus the 180-day period would expire on September 5, 1983.

The 180-day rule requires that the prosecution take good faith action within that time to ready a

---

* Circuit judge, sitting on the Court of Appeals by assignment.

case for trial. *People v Hill,* 402 Mich 272; 262 NW2d 641 (1978). Delays caused or attributed to a defendant will not support his claim of a violation of the 180-day rule. *People v Hendershot,* 357 Mich 300, 304; 98 NW2d 568 (1959).

During the time period between March 9 and September 5, 1983, the trial date was adjourned on May 8 at the request of the defense, again on May 10 by stipulation for a possible plea, and on April 26 and May 18 at the defense's request for a possible plea. Defendant pled guilty on May 25 and withdrew his plea on June 23. On July 26 a stipulation and order for substitution of defense counsel was entered. On August 1, trial was adjourned pending a *Wade*[1] hearing and discovery was ordered. On August 16, trial was again adjourned because defense counsel was unable to try the case on the scheduled date. On September 1, *Walker*[2] and *Wade* hearings were conducted and trial adjourned because the defense was not prepared to proceed to trial. On that date defendant waived the 180-day rule on the record.

On September 29, 1983, after the 180-day period expired, defendant retained his third attorney, who requested another adjournment of trial in order to familiarize himself with defendant's case. Defendant was again advised of the 180-day rule and of his right to a speedy trial, and personally waived those rights on the record.

On this record, we find no violation of the 180-day rule. Defendant waived the 180-day rule on September 1, 1983. Even absent such waiver, the delay in defendant's trial did not violate the rule since the prosecution took good faith action to ready the case for trial within 180 days and sev-

---

[1] *United States v Wade,* 388 US 218; 87 S Ct 1926; 18 L Ed 2d 1149 (1967).

[2] *People v Walker (On Reh),* 374 Mich 331; 132 NW2d 87 (1965).

eral of the delays were attributable to the defendant.

Moreover, after considering the length and reasons for the delays, defendant's waiver of his right to a speedy trial, and lack of prejudice to the defendant, we find that defendant was not denied his constitutional right to a speedy trial. *Hill, supra,* p 283.

Defendant next appeals from his sentence on the ground that the trial court departed from the Sentencing Guidelines minimum range of sentence without an adequate reason for departure. The use of the Sentencing Guidelines was mandatory at the time of defendant's sentencing. They recommended a minimum range of 48 to 60 months' imprisonment for a III E score of an unarmed robbery conviction. Defendant received a 96-month (8-year) minimum term.

In departing from the recommended minimum range, the trial court stated:

"I disagree with the sentencing guidelines in this particular case. This man was charged with four offenses. There is no doubt in my mind but what he kidnapped this gentleman. It's a very serious thing and he drove away, or rather the car was driven away. They were found out of state, as I recall it, with the victim's car and there was evidence of an impersonation of a police officer, so for some reason or other, the prosecutor opted to take the plea to unarmed robbery rather than go ahead with the case, and that is their prerogative."

The trial court further articulated its reasons for the sentence:

"In passing sentence in this particular matter, I have taken into consideration certain criteria.

"There is a need for disciplining and punishing of the

wrongdoer. He has a horrendous past record which I have taken into consideration.

"There is a need for protecting of society where a gentleman here that would commit a crime of this nature, it could have turned into far more serious offense had not the victim escaped.

"There is a need and a potential for rehabilitating the defendant within the prison system.

"There are certain educational programs. Hopefully they will be of some benefit to the defendant.

"Also, I'm in hope that this sentencing deters others and the defendant from committing like offenses."

Defendant contends that since the guidelines take into account the factors the court considered in departing from the guidelines, the trial court abused its discretion in departing from the recommended minimum range.[3] He points out that the guidelines take into account defendant's prior record, (Chapter 3, Prior Record Variables), the carrying away or holding a victim captive (Robbery Offense Variables No 5), and contemporaneous criminal acts (Robbery Offense Variables No 25).

The Supreme Court has ordered the *use* of the guidelines when imposing a sentence for an offense included in the guidelines, but has not made the recommended ranges mandatory. "The judge may depart from the recommended minimum range for the reasons, and in the manner, prescribed by the guidelines". Administrative Order No. 1984-1, 418 Mich lxxx.

The Statement of Purpose of the Sentencing Guidelines states:

"The sentencing guidelines provide a norm for differ-

---

[3] "Where the facts are proven or acknowledged and are not consistent with the conviction offense (*e.g.,* use of a weapon coupled with a conviction for unarmed robbery), the actual facts are still to be applied in scoring the appropriate variables." See Instructions for Using Sentencing Guidelines, II. Scoring a Conviction, A. Basic Considerations.

ent levels and different types of criminal activity *rather than providing mandatory sentences. * * *

* * * It is anticipated that there will be disagreements with the conclusions of the advisory committee. In such instances, the judge may wish to depart from the sentencing guideline ranges. Such departures are encouraged and, to improve the sentencing guidelines, when this occurs the judge is asked to specify the reasons for the departure." (Emphasis added.)

The Departure Policy further states:

*"Disagreements with the conclusions of the Advisory Committee are invited and encouraged.* To improve the sentencing guidelines, it is necessary that any departure be accompanied by a specific explanation of why, in the case at bar, justice requires a sentence outside the guideline sentence range. *In some instances the trial judge may believe that the sentencing guidelines range is inappropriate even though there are no special characteristics of the case at bar which necessitate a departure."* (Emphasis added.)

Thus, the minimum sentencing range of the sentencing guidelines is not binding. Only the use of the guidelines is mandatory. Departure, accompanied by the court's reasons for departure, is invited in order to facilitate improvement of the guidelines. Refusing to allow the sentencing court to depart from the guideline minimum range whenever its reasons for departure are included in factors considered by the guidelines would seriously circumscribe the court's discretion in sentencing and retard changes and improvements in the guidelines.

We find that the trial court did not abuse its discretion in departing from the guidelines and imposing a term of 8 to 15 years' imprisonment for defendant's conviction. *People v Coles,* 417 Mich 523, 550; 339 NW2d 440 (1983).

Affirmed.