PEOPLE v FRANK JOHNSON

Docket No. 73073. Submitted July 10, 1985, at Grand Rapids.—Decided October 21, 1985. Leave to appeal applied for.

Defendant, Frank Johnson, Jr., was convicted of two counts of armed robbery and one count of felony-firearm, Calhoun Circuit Court, Stanley E. Everett, J., and was sentenced to two concurrent sentences of from 10 to 20 years for the armed robbery convictions and 2 years for the felony-firearm conviction. Defendant appealed. *Held:*

1. The evidence against defendant, while circumstantial, was sufficient to support his conviction. The jury is not required to accept defendant's theory of the case and the prosecution's burden of proof is to prove its own theory of the case beyond a reasonable doubt. The prosecutor need not negate every reasonable theory consistent with innocence.

2. The district court did not lose jurisdiction of the case when it adjourned the preliminary examination at defendant's request for 13 days after denying a defense motion for dismissal on the ground that counsel had not received a requested police report. The preliminary examination was originally scheduled for within 12 days of defendant's arraignment. The statute allowing adjournment for good cause does not require rescheduling within 12 days.

3. Defendant's sentence did not shock the conscience of the Court of Appeals. The Sentencing Guidelines allow for departure in sentences when reasons for departure are included in

REFERENCES FOR POINTS IN HEADNOTES
[1] Am Jur 2d, Appeal and Error §§ 882, 883, 885
  See the annotations in the ALR3d/4th Quick Index under Weight and Sufficiency of Evidence.
[2, 5] Am Jur 2d, Evidence §§ 1124-1131, 1170-1178.
  See the annotations in the ALR3d/4th Quick Index under Reasonable Doubt.
[3, 6] Am Jur 2d, Criminal Law §§ 411-420, 433-438.
  See the annotations in the ALR3d/4th Quick Index under Arraignment; Preliminary or Pretrial Matters.
[4] Am Jur 2d, Criminal Law §§ 525-534.
  See the annotations in the ALR3d/4th Quick Index under Sentence and Punishment.

factors to be considered by the guidelines. Disproportionality in the face of the reasons for departure given by the court is not grounds for resentencing.

Affirmed.

J. C. RAVITZ, J., concurred in the result. He believed, however, that *People v Davenport,* 39 Mich App 252 (1972), and *People v Fuller,* 395 Mich 451 (1975), properly stated the law to the effect that the prosecutor must negate every reasonable theory consistent with innocence and that he does so when he proves his theory of the case to the trier of fact beyond a reasonable doubt. He would hold that the jury was free to and did reject defendant's theory of the case. He also concurred in the result with respect to the rescheduling of the preliminary examination because the examination was originally scheduled within the 12-day rule, and the defense moved to adjourn the examination, waived the 12-day rule and did not object when it was rescheduled 13 days later. Finally, he agreed that defendant's sentence was not shocking to the appellate conscience and does not violate the proportionality standards but noted that one solution to the proportionality dilemma is to presume that a sentence more than double that authorized by sentence guidelines is invalid.

OPINION OF THE COURT

1. CRIMINAL LAW — APPEAL — EVIDENCE — CIRCUMSTANTIAL EVIDENCE — SUFFICIENCY OF EVIDENCE.

The Court of Appeals, in reviewing the issue of whether there was sufficient evidence to support a defendant's conviction, views the evidence in a light most favorable to the prosecution and determines whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt; circumstantial evidence and reasonable inferences arising from the evidence may constitute satisfactory proof of the elements of the offense.

2. CRIMINAL LAW — CIRCUMSTANTIAL EVIDENCE — BURDEN OF PROOF.

The prosecutor, in order for a jury to find the defendant guilty on the strength of circumstantial evidence, need only prove his own theory of the case beyond a reasonable doubt; he need not negate every reasonable theory consistent with innocence.

3. CRIMINAL LAW — PRELIMINARY EXAMINATIONS — ADJOURNMENT — 12-DAY RULE.

There is no requirement that a preliminary examination originally scheduled within 12 days of arraignment and adjourned

for good cause be rescheduled within 12 days (MCL 766.7; MSA 28.925).

4. CRIMINAL LAW — SENTENCING — SENTENCING GUIDELINES.

The Sentencing Guidelines allow for departure in sentences when reasons for departure are included in factors to be considered by the guidelines; disproportionality in the face of the reasons for departure given by the court is not grounds for resentencing.

CONCURRENCE BY J. C. RAVITZ, J.

5. CRIMINAL LAW — CIRCUMSTANTIAL EVIDENCE — BURDEN OF PROOF.

*The prosecutor is required to negate every reasonable theory consistent with innocence in order to sustain a conviction based on circumstantial evidence; this he does when he proves his theory of the case to the trier of fact beyond a reasonable doubt.*

6. CRIMINAL LAW — PRELIMINARY EXAMINATIONS — ADJOURNMENT — 12-DAY RULE — APPEAL.

*A defendant may not object on appeal to violation of the 12-day rule for preliminary examinations where the examination was originally scheduled within 12 days of arraignment, and the defense moved to adjourn the examination, waived the 12-day rule and did not object when it was rescheduled 13 days later.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Conrad J. Sindt,* Prosecuting Attorney, and *Ronald C. Adams,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Rolf E. Berg*), for defendant on appeal.

Before: WAHLS, P.J., and ALLEN and J. C. RAVITZ,* JJ.

ALLEN, J. Following a three-day trial by jury, defendant was convicted April 7, 1983, of two counts of armed robbery, MCL 750.529; MSA 28.797, and possession of a firearm during commis-

* Recorder's court judge, sitting on the Court of Appeals by assignment.

sion of a felony, MCL 750.227b; MSA 28.424(2).
Sentenced on May 31, 1983, to two concurrent
terms of from 10 to 20 years' imprisonment, plus
two years for the felony-firearm conviction, defendant appeals as of right raising three issues. The
second issue presents a question of first impression.

Defendant's convictions stem from a January 6,
1983, armed robbery of the Felpausch Food Store
in Battle Creek. On that evening several armed,
masked men entered the store shortly before closing. Four persons inside the store observed the
robbery. Also, because the store had been staked
out by the police for observance, Clifford DeFeyter,
a detective-sergeant with the Michigan State Police, who was parked in the Felpausch lot, observed a lone person standing in front of the store
just moments before six or seven persons bolted
from the store running north. One of the persons
carried a large grocery sack or plastic bag. Another person carried what appeared to be a sawed-off shotgun.

Officer DeFeyter followed the group by car and
soon spotted four individuals running between
houses at 69 Boyd Street. When DeFeyter fired a
warning shot in the air and identified himself as a
police officer, two of the subjects hit the ground.
The remaining two subjects continued fleeing, one
running east and the other west. Within inches of
one of the subjects lying on the ground, a .38-caliber pistol was found. At the same time Alan
Tolf, a Battle Creek police officer and one of the
surveillance team covering the Felpausch store,
drove to a field-like area at 20 Redner Street just
east of where DeFeyter had apprehended the two
individuals. There, Officer Tolf found defendant
lying underneath a large fir tree. Searching the
immediate area, the officer found a .38-caliber

revolver, a pair of tan men's gloves, and a tan hat which contained a homemade ski mask made from a sweater sleeve. The gloves were one foot and the hat and gun were six to ten inches from where defendant was found. Tolf also discovered tracks in the grass where defendant was found and followed them to a residence at 69 Boyd Street where DeFeyter had confronted the four fleeing subjects moments before. Along the route of the tracks, Tolf found a dark ski mask. In the yard at 69 Boyd Street a 12-gauge sawed-off shotgun was found.

At trial, no one inside the store could identify defendant as one of the robbers. Claiming alibi, defendant testified in his own behalf. He stated that he had spent the evening of January 6, 1983, at the home of Shirley Sweet, from whom he rented a room. Later that evening he left Shirley's house and proceeded to the home of his girlfriend, Julia Sheppard. After awhile, he felt dizzy and took a walk to get some fresh air. While walking, an acquaintance offered him a ride and an opportunity to "get high". Defendant asked to be dropped off because of the heat and smoke inside the car. He was left off near the housing complex on Redner Street. Feeling the need to urinate, he stopped, removed his gloves and urinated. Suddenly he saw a car appear in the driveway, heard a shot, and ran for cover under a fir tree. The testimony of Shirley Sweet, Ken Sweet and Julia Sheppard corroborated defendant's story.

## I. *Did the prosecutor present sufficient evidence of defendant's participation in the armed robbery?*

Defendant first contends that only circumstantial evidence was presented connecting him with the crime. According to defendant, his alibi is not inconsistent with the evidence produced by the

prosecutor since the area where defendant was found was not so tightly encircled that defendant could not have wandered into the area without being spotted. CJI 4:2:01(7), defendant argues, requires the jury to accept a theory of innocence when two reasonable explanations, one indicating guilt and the other innocence, are presented.[1] The prosecutor argues that the testimony was sufficient to reasonably convince a jury that defendant was either one of the robbers or a lookout and that the people are not required to negate every reasonable theory consistent with defendant's innocence.

Defendant does not challenge the fact that the articles found near defendant and along the tracks in the grass left by defendant were articles stolen from the store. Nor does defendant challenge the finding that the sawed-off shotgun, the ski mask, the plastic garbage bag, and gloves were articles used in the Felpausch store robbery. Defendant challenges only the sufficiency of the evidence identifying him as one of six or seven persons who robbed the store.

However, circumstantial evidence and reasonable inferences arising from it may constitute satisfactory proof of the elements of the offense. *People v Richardson,* 139 Mich App 622, 625-626; 362 NW2d 853 (1984), citing *People v Hunten,* 115 Mich App 167, 171; 320 NW2d 68 (1982), and *People v Mumford,* 60 Mich App 279, 283; 230 NW2d 395 (1975). In the case at bar, circumstantial evidence was presented of defendant's participation in the armed robbery. The temporal and physical proximity of defendant to the store, the discovery of a gun, a ski mask and a pair of gloves

---

[1] "(7) If the direct and circumstantial evidence, taken together, is open to two reasonable constructions, one indicating guilt and the other innocence, it is your duty to accept the construction indicating innocence."

under the tree close to defendant at the time of his discovery and arrest, tracks in the grass where defendant was found leading back to where Officer DeFeyter had encountered four fleeing suspects, together with the testimony of Sykes and DeFeyter that a group of six or seven individuals ran from the store, constitutes sufficient evidence from which a reasonable inference arises that defendant was one of the robbers. In our opinion, sufficient evidence was presented on the element of defendant's participation in the armed robbery to send the case to the jury.

When reviewing an issue of the sufficiency of evidence, this Court views the evidence in a light most favorable to the prosecution and determines whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. *People v Hampton,* 407 Mich 354, 368; 285 NW2d 284 (1979), *cert den sub nom Michigan v Hampton,* 449 US 885; 101 S Ct 239; 66 L Ed 2d 110 (1980). The concept of sufficiency (as distinguished from the weight to be accorded evidence) focuses upon whether the evidence, taken as a whole, justifies submission of the case to the trier of fact or requires a judgment as a matter of law. *People v Hampton, supra,* p 367.

Defendant argues that subsection (7) of CJI 4:2:01 *requires* the jury to accept defendant's theory of innocence when two reasonable explanations, one indicating guilt and the other innocence, are offered. Applied to the facts in the instant case, the argument is flawed in two respects. First, it assumes that the jury found defendant's explanation credible. It well may be that the jury chose not to believe defendant. Second, other than the language in subsection (7), defendant has cited no authority, and we find none, supporting the propo-

sition that a jury is *required* to accept defendant's theory.

Defendant also argues that under *People v Davenport*, 39 Mich App 252, 256; 197 NW2d 521 (1972), the prosecution is required to negate every reasonable theory consistent with defendant's innocence. On this issue our Court is split. In *People v Edgar*, 75 Mich App 467, 474; 255 NW2d 648 (1977), this author wrote that it is sufficient if the prosecution proves its own theory beyond a reasonable doubt in the face of whatever contradictory evidence the defense may produce. The great majority of recent panels of this Court have followed *Edgar*. *People v Perry*, 114 Mich App 462, 466; 319 NW2d 559 (1982); *People v Kramer*, 108 Mich App 240, 250; 310 NW2d 347 (1981); *People v Doran*, 100 Mich App 795; 798-799; 300 NW2d 415 (1980); *People v Walker*, 93 Mich App 189, 195; 285 NW2d 812 (1979); *People v Richardson*, 139 Mich App 622, 625-626; 362 NW2d 853 (1984). Accordingly, we find no error as to issue I.

II. *Did the district court lose jurisdiction of the case by adjourning the preliminary examination at defendant's request?*

Preliminary examination of defendant was set for January 19, 1983. On that date defendant moved for dismissal or in the alternative for a continuance on grounds that counsel had not yet received a police report from the prosecution though it had been requested on January 13th. Counsel also asserted that the case was complex, involving many witnesses. The district court denied the motion to dismiss but granted an adjournment stating:

"THE COURT: All right. The record should reflect

that there is a proof of service in the court file indicating that the demands and appearance were served via first class mail on January 13, 1983; and, again, as I indicated in the previous cases, if it's mailed on the 13th I'm not sure when it would have been received by the Prosecution or the court, that there is a weekend in between and other times with this 12-day rule it's nigh onto impossible to be able to comply with these demands prior to the date set for the preliminary examination. I'm going to deny your motion to dismiss. I don't find where the Prosecution has been dilatory in any way or that it has intentionally refused to provide the requested materials. As to the motion to adjourn, first of all, I—would you be waiving the 12-day rule?"

Defendant then waived the 12-day rule and the examination was held 13 days later on February 2, 1983.

Relying upon *People v Weston,* 413 Mich 371; 319 NW2d 537 (1982), defendant contends that a continuance 13 days after the requested adjournment is a violation of the 12-day rule established in MCL 766.4; MSA 28.922. The question raised is of first impression. An exception to the 12-day rule is found in MCL 766.7; MSA 28.925 which reads:

"A magistrate may adjourn a preliminary examination for a felony to a place in the county as the magistrate deems necessary. * * * *An adjournment,* continuance, or delay of a preliminary examination *shall not be granted* by a magistrate *except for good cause shown.* A magistrate shall not adjourn, continue, or delay the examination of any cause by the consent of the prosecution and accused unless in his discretion it shall clearly appear by a sufficient showing to the magistrate to be entered upon the record that the reasons for such consent are founded upon strict necessity and that the examination of the cause cannot then be had, or a manifest injustice will be done. *An action on the part of the magistrate in adjourning or continuing any case, shall not cause the magistrate to lose jurisdiction of the case."* (Emphasis added.)

We find defendant's reliance on *Weston, supra,* misplaced. In that case defendant was arraigned September 6, and his preliminary examination was scheduled for September 20—14 days later. It was adjourned until October 4. Defendant was eventually convicted but the Supreme Court reversed, holding that the failure to comply with the 12-day rule *in the initial scheduling* required his discharge. In contrast, defendant's preliminary examination in the instant case was scheduled within 12 days of his arraignment. We find nothing in MCL 766.7; MSA 28.925 which mandates that, once a preliminary examination has been adjourned for good cause, it must be rescheduled within 12 days. In fact, good cause in itself may require more than a 12-day postponement. Further, defendant has cited no authority in support of his argument. A party may not leave it to this Court to find legal authority to support a party's position. *Cramer v Metropolitan Savings Ass'n (Amended Opinion),* 136 Mich App 387, 400; 357 NW2d 51 (1984).

We decline to extend *Weston* to circumstances where, as here, the initial delay was for good cause. Nevertheless, we suggest that, where feasible, the continuance not exceed 12 days.[2]

---

[2] During the 13-day continuance period defendant remained incarcerated, a motion for bond during the period having been denied by the trial court. In *People v Crawford,* 143 Mich App 348; 372 NW2d 550 (1985), this Court declined to follow *Weston* where the preliminary examination was not conducted within 12 days of arraignment but the defendant was not incarcerated. Judge MAHER dissented on the ground that he did not agree that the Supreme Court in *Weston* intended the 12-day rule to be applied only where the defendant was incarcerated.

III. *Did the sentencing court abuse its discretion by sentencing defendant to a ten-year minimum term when under the guidelines the minimum recommended term was three years?*

This was defendant's first conviction of a felony. Given this background, defendant contends that a sentence three times greater than called for under the sentencing guidelines is "shocking" to the judicial conscience under the standard articulated in *People v Coles,* 417 Mich 523, 550; 339 NW2d 440 (1983). After defendant filed this appeal, our Court granted a motion to remand to the sentencing court for an explanation of the sentence imposed. Subsequently, the trial court filed the following statement:

"The sentence was based on: First, the seriousness of the offense—armed robbery.

"Second, this was a well planned and executed robbery by a large group. The robbers were masked, heavily armed and efficient in the operation. The numbers, weapons and the timing of the event were designed to, and did, strike terror in the victims, one of whom was knocked unconscious by a blow to the head. Only prompt action by the police resulted in the apprehension of some of the robbers and the recovery of the sizeable amount taken.

"It is true that the sentence may seem too lenient. However, I took into account, as a mitigating circumstance, the fact that the defendant had no prior convictions."

The thrust of defendant's argument is that this Court should find "the conscience shocked" whenever there is a significantly disproportionate sentence. We decline to so rule, particularly when the

trial court has offered an explanation.[3] The guideline *range* is not binding upon a sentencing court; only its *use* is mandatory. *People v Ridley,* 142 Mich App 129; 369 NW2d 274 (1985). Defendant contends that the trial court's explanation for the higher sentence is inadequate because the first reason given—the fact the offense was armed robbery—is factored in the sentencing guidelines, and the second reason—the magnitude of the offense—should be mitigated by defendant's limited participation. According to defendant, his participation was at best that of the lookout. However, that same argument was made to and rejected by the jury.

As to the first reason given, the same argument was considered and rejected by this Court in *Ridley, supra:*

"Departure, accompanied by the court's reasons for departure, is invited in order to facilitate improvement of the guidelines. Refusing to allow the sentencing court to depart from the guideline minimum range *whenever its reasons for departure are included in factors considered by the guidelines* would seriously circumscribe the court's discretion in sentencing and retard changes and improvements in the guidelines." (Emphasis supplied.)

Accord: *People v Terry James,* 142 Mich App 19; 368 NW2d 892 (1985). Accordingly, we reject the claim that disproportionality in the face of reasons given by the trial court is ground for resentencing.

Affirmed.

WAHLS, P.J., concurred.

J. C. RAVITZ, J. *(concurring).* I agree with the

---

[3] We note that sentence was imposed May 31, 1983, which predates the effective date of *People v Coles* on October 24, 1983. At that time the sentencing guidelines were recommended, but not required.

decision to affirm but write separately because I disagree with both the genesis and the resolution of the "split of authority" between *People v Davenport,* 39 Mich App 252; 197 NW2d 521 (1972), and *People v Edgar,* 75 Mich App 467; 255 NW2d 648 (1977).

The *Davenport* decision was not simply an aberrant doctrine from one panel of this Court. As the *Edgar* decision noted, in *People v Fuller,* 395 Mich 451; 236 NW2d 58 (1975), the Supreme Court held that "[i]t is for the trier of fact to determine if the prosecution has 'negate[d] every reasonable theory consistent with the defendant's innocence of the crime charged' ". 75 Mich App 474. Commenting on this language, the Court in *Edgar* said: "For the most part, we agree with that statement." *Id.* The Court was, at least at that time, not seeking to overrule the *Fuller* decision.

Yet, a few years later, through a series of Court of Appeals decisions, cited by the majority herein, "recent panels of this Court have followed *Edgar*" and thereby rejected defendant's argument that "the prosecution is required to negate every reasonable theory consistent with defendant's innocence". This is a rejection, obviously, of both *People v Davenport* and Supreme Court authority in *People v Fuller, supra.*

How this evolved is instructive. In the most recent case cited by the majority, *People v Richardson,* 139 Mich App 622; 362 NW2d 853 (1984), that panel said: "We disagree with defendant's contention that the prosecution was bound to disprove all theories consistent with defendant's innocence. See *People v Davenport* * * *. We agree with panels of this Court which have held it sufficient if the prosecution proves its own theory beyond a reasonable doubt." 139 Mich App 626.

But agreement with panels holding that it is

"sufficient if the prosecution proves its own theory (guilt) beyond a reasonable doubt" does not lead to a rejection of the *Davenport-Fuller* doctrine. The *Richardson* decision misrepresented that doctrine by omitting the essential word "reasonable". By including that word, I conclude that when the prosecution proves its theory of guilt beyond a reasonable doubt it necessarily also "disprove[s] all *[reasonable]* theories consistent with defendant's innocence".

What might have begun as an argument over semantics has become far more significant than simply one side asserting that "the glass is half full", while the other counters, "no, the glass is half empty". Seemingly minor differences in words and in tone have led to significant differences in rules and decisions of law. The factual situations in *People v Davenport, supra,* and *People v Richardson, supra,* are sufficiently similar so as to highlight the important substantive and decisional changes that have occurred. I write because I believe the law and its application is well set forth in *Davenport* and not in *Richardson.* None of this helps Mr. Johnson in the case *sub judice* simply because the jury, as stated by the majority, was free to reject his testimony and his theory altogether; in addition, while his theory of innocence, consistent with the circumstantial evidence, may be "possible", it is so unlikely that it does not constitute a "reasonable" doubt.

With respect to the scheduling of the adjourned preliminary examination I concur only because the preliminary examination was originally within the 12-day rule, and the defense moved to adjourn the examination, waived the 12-day rule and did *not* object when it was rescheduled 13 days later.

I agree with the majority that the sentence imposed here is not shocking to the appellate

conscience and does not violate the proportionality standards which must, I think, be addressed in the near future if the purposes of sentence guidelines are to be realized. One solution, recommended in the concurring opinion in *People v Line,* 145 Mich App 567; 378 NW2d 781 (1985) is to follow the Minnesota Supreme Court which presumes that a sentence more than double that authorized by sentence guidelines is invalid. See *State v Evans,* 311 NW2d 481 (Minn, 1981).