## PEOPLE v DAVENPORT

Docket No. 85405. Submitted November 3, 1987, at Grand Rapids.
Decided December 21, 1987.

Ervine L. Davenport was convicted of armed robbery following a
jury trial in the Kalamazoo Circuit Court. The trial court,
Richard R. Lamb, J., sentenced defendant to fourteen to
twenty-one years imprisonment. Defendant appealed. Subse-
quently, the Court of Appeals granted defendant's motion for
remand for the purpose of moving for a new trial. Following a
hearing, the trial court denied defendant's motion for a new
trial.

The Court of Appeals *held:*

1. The trial court did not err in ruling that defendant's
brother, an indorsed witness, would not be allowed to assert his
Fifth Amendment right against self incrimination in front of
the jury.

2. The verdict was not against the great weight of the
evidence. There was sufficient evidence presented on each
element of the crime of armed robbery. The evidence was
sufficient to convince a rational trier of fact beyond a reason-
able doubt.

3. The trial court properly instructed the jury.

Affirmed.

1. CRIMINAL LAW — WITNESSES.

A lawyer may not knowingly offer inadmissible evidence or call a
witness knowing that he will claim a valid privilege not to
testify.

2. CRIMINAL LAW — WITNESSES — SELF-INCRIMINATION.

A trial court need not inquire into whether a proposed witness'
assertion of the privilege against self-incrimination is valid

REFERENCES

Am Jur 2d, Appeal and Error §§ 838, 880-883, 931-936.

Am Jur 2d, Robbery §§ 5, 71, 74, 75, 85-91.

Am Jur 2d, Witnesses §§ 37, 38.

What constitutes lesser offenses "necessarily included" in offense
charged, under Rule 31(c) of Federal Rules of Criminal Procedure.
11 ALR Fed 173.

where a particular criminal charge establishing reasonable cause for the assertion of the privilege by the witness can be identified.

3. CRIMINAL LAW — APPEAL — EVIDENCE.

A verdict of guilty will be affirmed if a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt; in such a review, the evidence, taken as a whole, is to be viewed in a light most favorable to the prosecution.

4. CRIMINAL LAW — ARMED ROBBERY — ATTEMPTED ARMED ROBBERY — JURY INSTRUCTIONS.

An attempted armed robbery is not a necessarily included lesser offense of the crime of armed robbery; therefore, a trial court need not instruct the jury on attempted armed robbery in a trial where armed robbery is charged unless there is evidence indicating that only an attempt was committed.

5. CRIMINAL LAW — JURY INSTRUCTIONS.

The test to determine whether a trial court's refusal to give a requested jury instruction was error is whether that refusal was prejudicial to the defendant.

6. CRIMINAL LAW — ATTEMPT.

A defendant who commits any act towards the commission of a criminal offense, but who fails in the perpetration, or is intercepted or prevented in the execution of the same, may be found to have attempted such criminal offense (MCL 750.92; MSA 28.287).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *James J. Gregart,* Prosecuting Attorney, and *Kevin M. Bramble* and *Yvonne G. Gilbert,* Assistant Prosecuting Attorneys, for the people.

*Milton J. Marovich, P.C.* (by *Milton J. Marovich*), and Ervine L. Davenport, in propria persona.

Before: WAHLS, P.J., and BEASLEY and D. A. BURRESS,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

BEASLEY, J. Defendant, Ervine Lee Davenport, was convicted by a jury of armed robbery, MCL 750.529; MSA 28.797. He was sentenced to serve not less than fourteen years nor more than twenty-one years in prison. Defendant appeals as of right, raising three issues.

First, defendant claims that the trial court erred in ruling that his brother, as an indorsed witness, would not be allowed to assert his Fifth Amendment right against self-incrimination in front of the jury. Defendant's theory of the case was that his brothers, Donnell and William, robbed the store and that he drove the car away from the scene quickly because they were his brothers and he assumed they were in trouble. Since the people in the store were unable to identify the robbers by their faces, only by the build of their bodies, defendant argued that it was extremely important to his case to put his brother Donnell on the witness stand. However, Donnell refused to testify on the basis of his Fifth Amendment privilege not to incriminate himself. Defendant argues that since Donnell's assertion of that privilege would have somehow indicated defendant's innocence, the trial court erred in not compelling Donnell to assert that right in the jury's presence.

Defendant relies upon this Court's decision in *People v Dyer*,[1] but the Supreme Court, subsequent to the submission of defendant's brief, reversed this Court's decision in *Dyer*.[2] In *People v Giacalone*,[3] the Court said, "A lawyer may not knowingly offer inadmissible evidence or call a witness knowing that he will claim a valid privilege not to testify." In *Dyer*, the Supreme Court extended the

[1] 140 Mich App 343; 364 NW2d 330 (1985).

[2] *People v Dyer*, 425 Mich 572; 390 NW2d 645 (1986).

[3] 399 Mich 642, 645; 250 NW2d 492 (1977).

*Giacalone* holding to facts remarkably similar to those in the present case, stating:

> Although the facts of *Giacalone* can be distinguished from the facts of the present case, the rule of law remains the same; a lawyer may not knowingly offer inadmissible evidence or call a witness knowing that he will claim a valid privilege not to testify.[4]

Thus, we believe the trial court ruled correctly that Donnell could not assert his Fifth Amendment privilege in front of the jury.

In his supplemental brief, defendant argues that by accepting Donnell's blanket assertion of his privilege, the trial court erred in not ascertaining whether Donnell's answers would be, in fact, self-incriminating, citing *In re Morganroth*.[5] When a particular criminal charge can be identified, here armed robbery, then reasonable cause is established, and the trial court does not need to inquire into whether the assertion of the privilege is valid. Moreover, the court here, outside the hearing of the jury, found that there was a basis for Donnell's assertion of his Fifth Amendment right. The trial court considered specific questions posed by defense counsel and found that answering them would incriminate the witness. We find no error requiring reversal in this connection.

Second, defendant claims that the jury verdict was against the great weight of the evidence. The people argue that the evidence was sufficient to support the guilty verdict. Generally, when a defendant raises a claim that the jury verdict was against the great weight of the evidence, we require that a motion for new trial have been made

[4] *Dyer, supra,* p 576.
[5] 718 F2d 161, 167 (CA 6, 1983).

in the trial court. We then review the trial court's denial of a new trial for an abuse of discretion.[6]

In this case, defendant filed an appellate brief and then a motion for remand for the purpose of moving for a new trial. Following the grant of the motion for remand, the motion for new trial was denied and an order without an opinion was entered May 14, 1987, after a hearing on April 28, 1987. Defendant has failed to provide this Court with a copy of the transcript of that proceeding, as required by MCR 7.210(G). For that reason, we have been unable to review the trial court's decision for an abuse of discretion but, nevertheless, deal with this issue as if defendant had argued that the evidence was insufficient to support the jury's verdict.

A verdict should be affirmed if a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt.[7] In this connection, the evidence, taken as a whole, is to be viewed in a light most favorable to the prosecution. In the within case, there was sufficient evidence presented on each element of the crime of armed robbery. The evidence elicited at trial was sufficient to convince a rational trier of fact beyond a reasonable doubt.

While defendant contends that it was his brother Donnell, and not he, who committed the robbery, there was ample evidence that defendant was the perpetrator of the crime. Two witnesses, both of whom met Donnell before trial, testified that he was not one of the men in the store. One

[6] *People v Turner,* 62 Mich App 467, 470; 233 NW2d 617 (1975), lv den 395 Mich 799 (1975); *People v Mattison,* 26 Mich App 453, 460; 182 NW2d 604 (1970).

[7] *People v Hampton,* 407 Mich 354, 368; 285 NW2d 284 (1979), reh den 407 Mich 1164 (1980), cert den 449 US 885; 101 S Ct 239; 66 L Ed 2d 110 (1980); *People v Swinford,* 150 Mich App 507, 512; 389 NW2d 462 (1986), lv den 426 Mich 861 (1986).

of these witnesses stated that defendant's build was recognizable to him as the build of one of the robbers. Photographs of both defendant and Donnell, taken shortly after the robbery, were admitted into evidence so that the jury was able to see any differences in body size. Another witness saw defendant carrying a bag away from the store towards his car. In addition, the circumstantial evidence and reasonable inferences arising from it here constitute satisfactory proof of the elements of the offense.[8]

Third, defendant claims that the trial court erred in refusing to instruct the jury on the crime of attempted armed robbery and in refusing to give an instruction distinguishing an aider and abettor from an accessory after the fact. The court gave the following aiding and abetting instruction:

> It is charged in this case that the defendant Ervine Davenport either directly committed the crime charged, armed robbery or larceny in a building, or that he intentionally aided or assisted another in the commission of that crime—I should say in the commission of those crimes.
>
> All persons who aid or assist in the commission of a crime are as liable as if they had directly committed the crime and may be convicted of the principal offense, or as an aider and abettor.
>
> Before you may convict, you must be convinced of the following beyond a reasonable doubt: First, the crime charged must have been committed either by the defendant or some other person. Second, the defendant must have performed acts or given encouragement which aided or assisted in the commission of that crime either before or at the time of the commission of the crime. Third, the defendant must have intended the commission of the crime charged, or have known that the

---

[8] *People v Frank Johnson*, 146 Mich App 429, 434; 381 NW2d 740 (1985), lv den 425 Mich 855 (1986).

other person intended its commission at the time of giving the aid or encouragement.

In response to defendant's request for a clarifying instruction on the distinction between an aider and abettor and an accessory after the fact, the court stated:

> It came up only as a request because of the argument made by the Prosecutor. If we instruct the jury as requested, we are introducing to the jury instructions concerning an accessory after the fact. That has not been a part of this case from the beginning, and I believe it would only confuse the jury to inject it at this late point in the trial.
>
> Furthermore, the instructions on aiding and abetting make it clear that the defendant must have intended the commission of the crime and must have had the intent at the time of the commission. So your objection is noted, but your request is denied.

We agree with the trial court. The instruction was clear that defendant's involvement in the crime must have been before or at the time of its commission. The jury was properly instructed and adequately informed of its responsibilities.

The trial court also refused to give an instruction for attempted armed robbery after reviewing the evidence and applying *People v Adams*,[9] where the Supreme Court said:

> Neither an attempt to commit an offense nor all its elements are elements of the completed offense. In instructing the jury on armed robbery, the judge identifies eight or nine elements, none of which is an attempt to commit the offense. If the elements of armed robbery were successively peeled away, singly or in various combinations, the

---

[9] 416 Mich 53, 58-59; 330 NW2d 634 (1982).

offense of attempt to commit armed robbery, or any necessarily included offense of armed robbery, would not emerge.

Since a jury asked to determine whether the elements of armed robbery have been established need not be instructed on attempt to commit that offense or a necessarily included offense in order to know what verdict to return if it finds some but not all the elements of armed robbery, the judge need not instruct on attempt unless there is evidence, or on jury view a lack of evidence, indicating that only an attempt was committed.

Since attempted armed robbery is not a necessarily included lesser offense of armed robbery, the court was not required to instruct on it unless it was supported by the evidence. When a trial court refuses to give a requested instruction, the test is whether that refusal was prejudicial to defendant.[10] The court here instructed on armed robbery and the lesser included offense of larceny from a building. The jury returned a verdict of guilty of armed robbery. We find no prejudice to defendant in this case. Moreover, there was no evidence to support an attempt as defined in MCL 750.92; MSA 28.287 as "any act towards the commission of such offense, but shall fail in the perpetration, or shall be intercepted or prevented in the execution of the same." The trial court properly instructed the jury.

Affirmed.

[10] *People v Meyers (On Remand),* 124 Mich App 148, 160; 335 NW2d 189 (1983).